IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

DONNA WALKER,  }
  }
    Plaintiff  }
  }  CIVIL ACTION NO.
vs.  }
  }  98-AR-2106-M
CHC INDUSTRIES, INC., d/b/a  }
Cleaners Hanger Co.,  }
  }
    Defendant  }

ENTERED
AUG 20 1998

## MEMORANDUM OPINION

The above-entitled cause was removed by defendant, CHC Industries, Inc., d/b/a Cleaners Hanger Co., from the Circuit Court of Etowah County, Alabama, based only upon diversity of citizenship. Under principles of federalism and the limited jurisdiction of federal courts, this court is required to examine *sua sponte* its own subject matter jurisdiction upon a removal. This court lacks jurisdiction.

CHC Industries is no doubt aware that the judges of the United States District Court for the Northern District of Alabama are split on the question of the removability of an employee's state tort claim of retaliation for having brought a workers compensation claim against his employer under the Alabama Workers Compensation Act. It appears that CHC Industries has lost in the "luck-of-the-draw." The undersigned is solidly on the majority of this bench which now follows the position of the Fifth Circuit in *Jones v.*

*Railway Express, Inc.*, 931 F.2d 1086 (5th Cir. 1991). See *Alexander v. Goodyear Tire & Rubber Co.*, CV 94-AR-2259-M; *Sears v. IPI Isofoam*, CV 94-AR-3014-M; *Stanford v. Interstate Brands*, CV 94-AR-1582-E; *Autwell v. Old American Stores*, CV 96-AR-2485-M; *Allison v. Pemco Aeroplex, Inc.*, CV 97-AR-0151-S; and *Whetstone v. Unitog, Inc.*, CV 97-AR-0538-S. This court is confident that claims based on alleged retaliation for the filing of a workers compensation claim are precluded by 28 U.S.C. § 1445(c), because they "arise under" a state workers' compensation act.

Based on the foregoing, a separate order of remand will be entered.

DONE this 20th day of August, 1998.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE